Argued July 22, affirmed September 10, 1970

MORGAN, *Appellant, v.* HARRIS ET AL,
*Respondents.*
474 P2d 366

*Al J. Laue*, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

*Ralph W. G. Wyckoff*, Salem, argued the cause and filed the brief for respondents.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

LANGTRY, J.

This is an appeal by the Department of Employment Commissioner from a dismissal which followed an order sustaining defendant Messier's demurrer to the complaint in an action to collect employer's unemployment insurance contributions.

Plaintiff's complaint alleged, *inter alia*, that the defendants were employers in Oregon during the third and fourth quarters of 1956, and did not make contributions as required by ORS ch 657. On March 3, 1966, pursuant to ORS 657.681 (1), a "Notice of Assessment" was sent to defendants for the two quarters of 1956. Defendants reside in California and have not returned to Oregon since the assessment.

On June 18, 1969, plaintiff commenced this action in the Circuit Court of Marion County, and served defendants in California under the long-arm statute. ORS 14.035. We do not consider the question of limitation of time on commencement of this action because it is unnecessary to our decision.

Defendant correctly contends that inasmuch as the liability is alleged to have accrued early in 1957, and the assessment was not made until more than nine

years later, the complaint shows on its face that more than the limit of time for making the assessment had elapsed. ORS 657.552 (2) provides:

> "In case of failure * * * to file a return, *every* notice of assessment shall be given within eight years after the last day of the month following the close of the calendar quarter during which the contribution liability * * * accrued * * *." (Emphasis supplied.)

In ORS 657.552 (2), and also subsection (1), the word "accrued" is used with reference to the employer's liability to pay a contribution. In each subsection a time limit is imposed in which the accrued liability must be assessed in conformance with the procedure set out in ORS 657.681.[1]

In ORS 657.552(3) and (4), the subject changes from time limits on making assessments to time limits for commencing actions based on assessments. ORS 657.681 (5) provides that "* * * assessments * * * shall finally fix the amount of contributions due * * *." If an amount is not finally fixed by an assessment, it is obvious that no action to collect a sum certain can be commenced. Hence, the accrual of a cause of action referred to in subsections (3) and (4) of ORS 657.552, as distinguished from the liability referred to in the preceding subsections, occurs upon the date of the assessment. The assessment in the case at bar was not made until somewhat over nine years after the accrual of liability; therefore, the failure of a condition precedent to a cause of action is

---

[1] These statutes were amended in 1963. Some of the argument in this case is about whether the wording of the statutes before or after the amendments applies. Our examination of the statutes before and after indicates that the changes made in 1963 do not affect the decision of this case.

shown on the face of the complaint. The demurrer was grounded upon failure to timely commence action and failure to state a cause of action. No cause of action is stated.

Affirmed.